SETTLE v. STATE ex rel. COUNTS, County Atty.

No. 28343.   Oct. 18, 1938.

W. A. Lackey and Wallace Wilkinson, for plaintiff in error.

W. J. Counts, County Atty., and H. I. Aston, for defendant in error.

CORN, J. This is an appeal from the district court of Pittsburg county from an order making permanent an injunction against plaintiff in error for operating a lottery. Hereafter the parties will be referred to as they appeared in the trial court.

The county attorney filed a petition setting out that the defendant, owner and operator of a drug store in the city of McAlester, was operating a gift enterprise in the nature of a lottery, in violation of the statutes. Each day a prize or gift, commonly designated as a "pot," was set aside. Every patron registered by signing a registration slip, the corresponding numbered stub being placed in a box and drawn therefrom to determine the winner for each particular day of the drawing. However, to be eligible to receive the prize, the person whose number was drawn must have made a purchase the day preceding

the drawing, and if not in possession of a sales ticket showing such purchase to have been made, could not be declared the winner.

Defendant demurred to the petition and was overruled, and then pleaded a general denial. After the opening statements the county attorney moved for judgment enjoining defendant from operating a lottery and defendant's attorney asked judgment dismissing the case. The court took the matter under advisement, and on November 13, 1937, made certain findings of fact and conclusions of law, deciding the proviso of the statute (sec. 2310, O. S. 1931) did not apply to a merchant not operating in conjunction with the Chamber of Commerce, and granted a permanent injunction.

From this finding and judgment, the defendant has appealed, setting up: First, that the court erred in its construction of the statute; and, second, that the court erred in holding when a ticket was given there was sufficient consideration to constitute a lottery.

In rendering judgment the trial court based its decision upon the provision of the statute which reads as follows:

"A lottery is any scheme for the disposal or distribution of property by chance among persons who have paid, or promised, or agreed to pay any valuable consideration for the chance of obtaining such property, or a portion of it, or for any share of or interest in such property, upon any agreement, understanding or expectation that it is to be distributed or disposed of by a lot or chance, whether called a lottery, a raffle, or a gift enterprise, or by whatever name the same may be known. **Provided, it shall not be a violation of the lottery or gambling laws of this state for a bona fide resident merchant or merchants of a city or town, acting together or in conjunction with the Chamber of Commerce or Commercial Club thereof, to issue free of charge numbered tickets on sales of his merchandise, the corresponding stub of one or more of which tickets to be drawn or chosen by lot by a representative or representatives of said Chamber of Commerce or of said Commercial Club in the manner set forth on said tickets**, the numbered stub or stubs so drawn to entitle the holder of the corresponding numbered issued ticket to a valuable prize donated by said merchant"

—holding that, since defendant did not have the consent mentioned in the statute and was not acting in conjunction with the Chamber of Commerce, he therefore was operating a lottery.

In attacking the trial court's finding in this respect, defendant contends that such a construction of the statute delegates to a Chamber of Commerce legislative powers and cannot stand because it is class legislation, by making possible the creation of a favored class, and is therefore unconstitutional, hence the trial court's construction was not reasonable.

We are not, at this time, called upon to determine the constitutionality of the portion of the statute attacked by the defendant. The circumstances of his case make it wholly unnecessary, for the reason that the scheme used by the defendant is entirely foreign to the type of enterprises contemplated as proper and allowed under the proviso of our statute, section 2310, supra (21 Okla. Stat. Ann. sec. 1051).

The essential difference in the entire matter is that under the defendant's plan of operation it was mandatory upon any person desiring to be eligible to receive the prize to make a purchase of merchandise of the merchant the day preceding the drawing. Otherwise his registration was of no value to him and the fact that such person was registered and had a numbered stub in the lottery box did not make him eligible.

We do not believe the Legislature contemplated sanctioning any such enterprise as this when it enacted the statute in question. The defendant's scheme in no way complies with the meaning or intent of the act. He was not associated with other merchants or operating his scheme in conjunction with the Chamber of Commerce or a civic club as provided by the statute, but had put into force a requirement of his own making, not contemplated by the act, that of requiring a purchase of merchandise to make the drawee eligible for each drawing.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and GIBSON and HURST, JJ., concur.